[No. 1,064.]

THE STATE OF NEVADA EX REL. W. R. KING, *v.* J. F. HALLOCK, STATE CONTROLLER, RESPONDENT.

PRESIDENT PRO TEM. OF THE SENATE NOT ENTITLED TO EXTRA PAY—CONSTITUTION.—The legislature passed an act in favor of relator, for payment of his services as president *pro tem.* of the senate, in addition to his regular pay as a senator: *Held,* that this was in effect an attempt to increase his compensation as a senator, and hence, unconstitutional. (Art. 4, sec. 33.)

IDEM—OFFICER.—No money can be drawn from the treasury as compensation to an officer of the legislature, except when the compensation has been fixed by a law in force prior to the election of such officer. (Const., art. 4, sec. 28.)

APPLICATION for mandamus.

The facts are stated in the opinion.

*T. D. Edwards*, for Relator.

*M. A. Murphy*, Attorney General, for Respondent.

By the Court, BELKNAP, J.:

The relator is a state senator, and represented the county of Lyon, in the senate, during the session of 1881. At the commencement of the session he was elected president *pro tem.* of the senate, and acted as such whenever thereunto requested by the president of the senate, the lieutenant governor. At the close of the session that year the legislature passed an act directing the state controller, the respondent in this proceeding, to issue his warrant for one hundred and twenty dollars in favor of relator for payment of his services as such president *pro tem.* The respondent refuses to comply with the commands of the statute for the reason that it undertakes to increase the compensation of a member of the legislature during the term for which he was elected, contrary to the limitations of the state constitution.

The clause of the constitution relied upon reads as follows: "The members of the legislature shall receive for their services a compensation to be fixed by law, and paid out of the public treasury; but no increase of such compensation shall take effect during the term for which the members of either house shall have been elected; *provided*, that an appropriation may be made for the payment of such actual expenses as members of the legislature may incur for postage, express charges, newspapers, and stationery, not exceeding the sum of sixty dollars for any general or special session, to each member; and, *furthermore provided*, that the speaker of the assembly and lieutenant governor, or president of the senate, shall each, during the time of their actual attendance as such presiding officers, receive an additional allowance of two dollars per diem." (Art. 4, sec. 33.)

The compensation of members of the legislature was fixed

by law, approved January 16, 1865. (Comp. L., sec. 2720.) The appropriation of money by the legislature, of which relator was a member, to compensate him for services as an officer of the senate in addition to his pay as senator, was, in effect, an attempt to increase his compensation during the term for which he was elected, and is obnoxious to the constitutional clause quoted. If relator be considered as an officer, only, of the senate, disassociated from his membership of the legislature, the controller would still be justified in his refusal to draw his warrant, for the reason that his compensation as such officer was not fixed by law prior to his election as president *pro tem.* of the senate.

Upon this point the constitution, at section 28 of article 4, says: "No money shall be drawn from the state treasury as salary or compensation to any officer or employee of the legislature, or either branch thereof, except in cases where such salary or compensation has been fixed by a law in force prior to the election or appointment of such officer or employee, and the salary or compensation so fixed shall neither be increased nor diminished so as to apply to any officer or employee of the legislature, or either branch thereof, at said session. * *

Mandamus denied.